1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDGAR MARTINEZ, et al.,                    No.  2:15-cv-01934-KJM-CKD

12                      Plaintiffs,

13        v.                                     ORDER

14   FLAGSTAR BANK, FSB et al.,

15                      Defendants.

16

17

18            Having reviewed the complaint and the parties' briefing on defendants' motion to

19   dismiss, the court orders as follows.

20   I.       JUDICIAL NOTICE

21            The court grants the defendants' unopposed request for judicial notice.  The

22   documents for which judicial notice is requested are public records, including publicly recorded

23   documents and court filings in related cases.  *See* Fed. R. Evid. 201; *Harris v. Cty. of Orange*, 682

24   F.3d 1126, 1132 (9th Cir. 2012); *Olmstead v. ReconTrust Co.*, 852 F. Supp. 2d 1318, 1321 (D.

25   Or. 2012).

26   II.      MS. PRADO'S STANDING

27            "Standing is the threshold issue of any federal action . . . ."  *Employers-Teamsters*

28   *Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 923

1

(9th Cir. 2007).  Article III standing requires a plaintiff to satisfy three conditions: (1) the plaintiff must suffer a concrete and particularized "injury in fact;" (2) the injury and conduct complained of must be causally connected, and the injury must be traceable to the defendant's challenged actions; and (3) the injury must be "likely" to be redressed by resolution favorable to the plaintiff. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  At this initial stage of litigation, it is enough for a plaintiff to allege and not prove these three elements. *See id.* at 561.

Ms. Prado's signature appears on the deed of trust and the mortgage loan was issued to her.  Compl. ¶ 10, ECF No. 1-2; Req. J. Not. Ex. 1, ECF No. 8-1.  She also resided in the property.  Compl. ¶ 10.  But Prado quitclaimed her interest in the property to Edgar Martinez in May 2012.  Req. J. Not. Ex. 6, ECF No. 8-2.  These allegations, assumed true, are insufficient to establish she suffered a redressable injury attributable to the defendants' actions, for example whether she participated in any loan modification applications or lost any property interest upon foreclosure in July 2013.  Her claims are dismissed with leave to amend.

III.  <u>GENERAL PLAUSIBILITY</u>

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'"  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995–96 (9th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  "First, a court should 'identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Id.* at 996 (quoting *Iqbal*, 556 U.S. at 679).  "Then, a court should 'assume the[ ] veracity' of 'well pleaded factual allegations' and 'determine whether they plausibly give rise to an entitlement to relief.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  "[A] court must take the allegations as true, no matter how skeptical the court may be.  The sole exception to this rule lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."  *Iqbal*, 556 U.S. at 696.

Here, the complaint alleges Flagstar prolonged the foreclosure process without the intent to fairly consider the plaintiffs' applications for loan modifications.  It alleges Flagstar did

1    this because it wanted to divest itself of plaintiffs' loan after the value of their property increased

2    to sufficiently offset the costs and fees that would accumulate.  Although perhaps unlikely, at this

3    stage the court must assume these allegations are true, as they are not mere legal conclusions.  To

4    the extent this result is inconsistent with *Morrison v. Wachovia Mortgage Corp.*, No. 11-7948,

5    2012 WL 8676137 (C.D. Cal. Mar. 12, 2012), that decision is not persuasive here.[1]

6    IV.      MISREPRESENTATION AND FALSE PROMISE

7          A.      Specificity

8                 "In alleging fraud or mistake, a party must state with particularity the

9    circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a

10   person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  To meet the Rule 9(b) standard, a

11   pleading must "'be specific enough to give defendants notice of the particular misconduct . . . so

12   that they can defend against the charge and not just deny that they have done anything wrong.'"

13   *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir.2010) (quoting *Kearns v. Ford Motor*

14   *Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)) (alteration in original).  Normally this standard requires

15   allegations of "the time, place, and specific content of the false representations as well as the

16   identities of the parties to the misrepresentation."  *Id.* (quoting *Edwards v. Marin Park, Inc.*,

17   356 F.3d 1058, 1066 (9th Cir. 2004)) (quotation marks omitted).

18                Federal courts have on occasion applied a more lenient standard to fraud claims

19   under Rule 9(b).  For example, when a claimant "cannot be expected to have personal knowledge

20   of the relevant facts," the particularity requirement may be relaxed.  *Id.* (quoting *Neubronner v.*

21   *Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).  This may be the case for "matters within the opposing

22   party's knowledge."  *Neubronner*, 6 F.3d at 672.

23                In addition, "Rule 9(b) may not require [the plaintiff] to allege, in detail, all facts

24   supporting each and every instance of false testing over a multi-year period."  *U.S. ex rel. Lee v.*

25   *SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001).  District courts in this circuit and

26

27                [1] In an effort to streamline resolution of first motions to dismiss in cases where the parties
     have counsel, when the court is granting leave to amend it is adopting a shortened form of order
28   consistent with the order issued here.

3

1    others have held, "[w]here fraud allegedly occurred over a period of time . . . , Rule 9(b)'s

2    requirement that the circumstances of fraud be stated with particularity are less stringently

3    applied." *United States v. Hempfling*, 431 F. Supp. 2d 1069, 1075 (E.D. Cal. 2006) (citing

4    *Fujisawa Pharm. Co., Ltd. v. Kapoor*, 814 F. Supp. 720, 726 (N.D. Ill. 1993)); *U.S. ex rel.*

5    *Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 258, 268 (D.D.C. 2002).

6           The complaint here is sufficiently specific.  Although it omits details about the

7    identities of those who made each specific statement, it details the alleged misrepresentations

8    themselves, which were numerous, repeated, and spread over several months.  It is also

9    reasonable to expect Flagstar to have knowledge of who made these misrepresentations and

10   when.

11          B.      <u>Misrepresentation and Damages</u>

12          Whatever granular differences separate claims of intentional misrepresentation,

13   negligent misrepresentation, and false promise fraud, each requires the plaintiff allege and prove

14   that the defendant made a misrepresentation and that the plaintiff suffered damages, among other

15   elements.  *See, e.g.*, *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996); *West v. JPMorgan Chase*

16   *Bank, N.A.*, 214 Cal. App. 4th 780, 792 (2013); *Beckwith v. Dahl*, 205 Cal. App. 4th 1039,

17   1059-60 (2012).  The defendants challenge the complaint's allegations with respect to these two

18   elements.

19          First, the defendants argue the complaint includes no allegation of a

20   misrepresentation, because "[t]he Martinezes do not allege they were promised a modification.

21   Instead, they emphasize that Flagstar told them it would *consider* them for a modification if they

22   were in default."  Mot. Dismiss at 6, ECF No. 007-1 (emphasis in original).  This argument

23   misreads the complaint, which alleges the defendants never intended to consider an application

24   for a loan modification and did not consider the plaintiffs' applications.

25          Second, "[f]raudulent representations which work no damage cannot give rise to

26   an action at law.  A 'complete causal relationship' between the fraud or deceit and the plaintiff's

27   damages is required."  *Williams v. Wraxall*, 33 Cal. App. 4th 120, 132 (1995) (quoting *Garcia v.*

28   *Super. Ct.*, 50 Cal.3d 728, 737 (1990)) (other citations and quotation marks omitted).  "'Damage

4

1   to be subject to a proper award must be such as follows the act complained of as a legal

2   certainty.'" *Goehring v. Chapman Univ.*, 121 Cal. App. 4th 353, 364 (2004) (quoting *Agnew v.*

3   *Parks*, 172 Cal. App. 2d 756, 768 (1959)).  Here, the complaint alleges the plaintiffs would have

4   avoided a lengthy, distressing, and costly application process and would have maintained

5   possession of their home had the defendants fairly considered their applications for loan

6   modifications.  These factual allegations suffice for purposes of this motion.

7   V.      NEGLIGENCE

8          A negligence claim has a two-year statute of limitations.  Cal. Civ. Proc. Code

9   § 335.1; *Sullivan v. JP Morgan Chase Bank, NA*, 725 F. Supp. 2d 1087, 1094 (E.D. Cal. 2010).

10  The statute of limitations does not begin to run until a claim accrues.  Cal. Civ. Proc. Code § 312.

11  A claim accrues "when the cause of action is complete with all of its elements."  *Norgart v.*

12  *Upjohn Co.*, 21 Cal. 4th 383, 397 (1999).  "When damages are an element of a cause of action,

13  the cause of action does not accrue until the damages have been sustained.  Mere threat of future

14  harm, not yet realized, is not enough."  *City of Vista v. Robert Thomas Securities, Inc.*,

15  84 Cal.App.4th 882, 886 (2000).

16         A trustee's deed upon sale was recorded on July 18, 2013.  Req. J. Not. Ex. 7, ECF

17  No. 8-2.  This action was filed on July 27, 2015.  Compl. at 1.  The plaintiffs argue their damages

18  were not fully realized until early August 2013, when they were forced to move out of their home.

19  Opp'n at 7–8, ECF No. 9.  This argument contradicts the complaint.  *See* Compl. ¶ 10 (the

20  plaintiffs left their home in July 2013).  The negligence claim is dismissed with leave to amend, if

21  plaintiffs are able to amend.

22  VI.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23         "Causes of action for . . . intentional infliction of emotional distress are governed

24  by the two-year statute of limitations set forth in Code of Civil Procedure section 335.1."

25  *Pugliese v. Super. Ct.*, 146 Cal. App. 4th 1444, 1450 (2007).  For the same reasons described in

26  the previous section, the complaint does not include sufficient factual allegations to show the

27  claim accrued within the two-year limitations period.  The claim for intentional infliction of

28  emotional distress is dismissed with leave to amend.

5

1  VII.    <u>HOMEOWNER'S BILL OF RIGHTS</u>

2              The purpose of the California Homeowner's Bill of Rights (HBR) "is to ensure

3  that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a

4  meaningful opportunity to obtain available loss mitigation options, if any, offered by or through

5  the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure."

6  Cal. Civ. Code § 2923.4(a).  But the HBR does not "require a particular result of that process."

7  *Id.*

8              "If a borrower submits a complete application for a first lien loan modification . . .

9  a borrower's mortgage servicer . . . shall not record a notice of default or notice of sale, or

10  conduct a trustee's sale, while the complete first lien loan modification application is pending."

11  Cal. Civ. Code § 2923.6(c).

12              On May 24, 2013, Flagstar sent the plaintiffs a letter denying their application for

13  a loan modification because they had excessive obligations and did not meet investor

14  requirements.  Compl. ¶ 23.  The plaintiffs allege these reasons were "false" because there was no

15  "investor" and because Flagstar had known about their obligations throughout their application

16  process, but had told them they qualified for a loan modification.  *Id.*  The plaintiffs also

17  submitted more complete applications for loan modifications between May 2013 and July 2013.

18  Compl. ¶ 24.  But the defendants nonetheless summarily denied their applications for

19  incompleteness, *id.*, and sold the property in a foreclosure sale on July 9, 2013, *id.* ¶ 25.  The

20  complaint also alleges in general that the defendants never actually considered their applications.

21  The complaint therefore states an HBR claim.

22              The HBR also provides that a mortgage servicer is not

23              obligated to evaluate applications from borrowers who have already
             been evaluated or afforded a fair opportunity to be evaluated for a
24              first lien loan modification prior to January 1, 2013, or who have
             been evaluated or afforded a fair opportunity to be evaluated
25              consistent with the requirements of this section, unless there has
             been a material change in the borrower's financial circumstances
26              since the date of the borrower's previous application and that
             change is documented by the borrower and submitted to the
27              mortgage servicer.

28

1    Cal. Civ. Code § 2923.6(g).  Although the plaintiffs allege their previous applications were

2    denied, they allege that the defendants never fairly considered their applications.  For this reason,

3    taking the pleadings as true, it cannot be said they were "evaluated or afforded a fair opportunity

4    to be evaluated for a first lien loan modification."  *Id.* § 2923.4(a).

5    VIII.    UNFAIR COMPETITION LAW

6            To have standing under the California Unfair Competition Law (UCL), Cal. Bus.

7    & Prof. Code § 17200 *et seq.*, a plaintiff must have "suffered injury in fact" and "lost money

8    property."  Cal. Bus. & Prof. Code § 17204.  *Jenkins v. JP Morgan Chase Bank, N.A.*,

9    216 Cal. App. 4th 497, 521 (2013).  The plaintiffs allege the loss of fees, interest, and their home.

10   These allegations suffice to supply them standing under the UCL.

11           "To bring a UCL claim, a plaintiff must show either an (1) 'unlawful, unfair, or

12   fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'"

13   *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting

14   Cal. Bus. & Prof. Code § 17200).  Because the statute is phrased in the disjunctive, a practice may

15   be unfair or deceptive even if it is not unlawful, or vice versa.  *Id.* (citing *Cel-Tech Commc'ns.,*

16   *Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999)).  Here, because the complaint states a

17   claim for misrepresentation and violation of the HBR, it also states a claim under the UCL.

18   IX.     CONCLUSION

19           Ms. Prado's claims are DISMISSED with leave to amend.  The claims for

20   negligence and intentional infliction of emotional distress otherwise are DISMISSED with leave

21   to amend.  In all other respects, the motion is DENIED.  A first amended complaint shall be filed

22   within twenty-one days of the date this order is filed.

23           This order resolves ECF No. 7.

24           IT IS SO ORDERED.

25    DATED:  January 6, 2016.

26

27                                              _____
                                                UNITED STATES DISTRICT JUDGE

28

7